IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID NELSON PRYER, | ) | No. C 07-4025 MMC (PR) |
| Plaintiff, | ) | **ORDER OF DISMISSAL** |
| v. | ) | |
| M.S. EVANS, Warden, et al., | ) | **(Docket No. 4.)** |
| Defendants. | ) | |

On August 6, 2007, plaintiff, a prisoner incarcerated at Salinas Valley State Prison[1] and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983, seeking monetary damages. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id.

---

[1] On August 24, 2007, plaintiff notified the Court he had been transferred to Folsom State Prison.

§ 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

B.      <u>Plaintiff's Claims</u>

   1.      <u>Reissued Rules Violation Report</u>

According to the allegations in the complaint and the exhibits attached thereto, in November 2006 plaintiff was found guilty of a rules violation report ("RVR") for battery on an inmate with serious bodily injury, and was assigned to a term in the Security Housing Unit. The offense was referred to the District Attorney's office for possible prosecution, but the District Attorney declined to prosecute. Thereafter, in March 2007, plaintiff was informed that the RVR would be reissued and reheard because there was no indication of serious bodily injury. As a result of the reissuance of the RVR, the offense was again referred to the District Attorney's office for possible prosecution. According to supplemental pleadings filed by plaintiff on October 1, 2007, plaintiff, in April 2007, was again found guilty of battery on another inmate with serious bodily injury, and was assessed 360 days forfeiture of credits. The District Attorney again declined to prosecute plaintiff for the offense.

Although the allegations in the complaint are not entirely clear, plaintiff appears to claim that the RVR should have been dismissed rather than reissued, and should not have been referred a second time to the District Attorney's office for possible prosecution. These allegations fail to state a claim for relief under § 1983.

The remedy for a procedurally defective hearing is another hearing, not dismissal of the underlying charges. See <u>Raditch v. United States</u>, 929 F.2d 478, 481-82 & n.5 (9th Cir. 1991) (holding violation of procedural due process rights requires only procedural correction and not reinstatement of substantive right). Here, plaintiff was afforded a second hearing, at

2

which he was again found guilty of the RVR.  Plaintiff does not allege the second hearing was procedurally defective; even if he had done so, however, such claim could not proceed in this action, as a claim for damages that challenges the validity of a disciplinary hearing at which time credits were forfeited is barred under the United States Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477 (1994).

Under Heck, in order to state a claim for damages for an allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff asserting a violation of 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed or declared invalid.  See id. at 486-87.  A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  See id.  Heck bars a claim of unconstitutional deprivation of time credits because such a claim necessarily calls into question the lawfulness of the plaintiff's continuing confinement, i.e., it implicates the duration of the plaintiff's sentence.  See Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996).  Heck also bars a claim for using the wrong procedures in a disciplinary hearing that resulted in the deprivation of time credits if "the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment."  Edwards v. Balisok, 520 U.S. 641, 645 (1997).  Thus, any claim by plaintiff that implies the invalidity of the discipline imposed must be dismissed.  If plaintiff wishes to challenge the decision that resulted in the credit forfeiture, he must do so in a petition for a writ of habeas corpus.  See Young v. Kenny, 907 F.2d 874, 877 (9th Cir. 1990) (holding habeas corpus is sole remedy for challenge to deprivation of time credits); see also Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (holding civil rights complaint seeking habeas relief should be dismissed without prejudice to plaintiff's bringing it as petition for writ of habeas corpus).

Finally, plaintiff can claim no injury from the referral of the reissued RVR to the District Attorney's office, because the District Attorney declined to prosecute the offense.

Accordingly, plaintiff's claim concerning the reissued RVR will be dismissed for failure to state a claim.

2. <u>Invasion of Privacy</u>

Plaintiff alleges that on February 20, 2007, when he was trying to complete a piece of literature he has been writing since June 2006, prison officials infringed his privacy. Specifically, he claims:

> I couldn't sit down and write my own words without them being intercepted (transmitted and broadcasted) only through me being constantly spied/monitored by CDCR et al affecting me through these procedures by intercepting my litature I create into for music lyrics only for my personal benefit due to my present circumstances (no education, means of employment/support) creating openings for plajurism by CDCR et al, and inmates established by ways CDCR et al spies/monitors.

(Compl. at 3(b)). These allegations do not present a cognizable claim for relief under § 1983.

As noted, Title 28 U.S.C. §§ 1915A requires the court to conduct a preliminary screening of prisoner actions, and to dismiss any claims that are frivolous or fail to state a claim upon which relief may be granted. A claim is frivolous if it is premised on an indisputably meritless legal theory or is clearly lacking any factual basis. <u>See</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989).

The Court finds plaintiff's invasion of privacy claim must be dismissed as frivolous. Further, such allegations fail to state a claim for relief under § 1983 because they constitute, at best, a state tort claim, and do not allege the violation of a right secured by the Constitution or laws of the United States. <u>See</u> <u>West</u>, 487 U.S. at 48 (holding claim under § 1983 must allege violation of right secured by Constitution or laws of United States).

Finally, the allegations do not state a cognizable claim for relief under § 1983 because they allege only mental or emotional injury, without a showing of prior physical injury. Such claims are barred under 42 U.S.C. § 1997e(e), which holds: "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury."

Accordingly, for the foregoing reasons, plaintiff's invasion of privacy claim will be dismissed.

3. <u>Cell Temperature</u>

Plaintiff alleges prison officials installed tanning bulbs in his cell and adjusted the

4

temperature in his cell "for uncomfort by tanning [him] from being pale complected." (Compl. at 3(c)).

The Eighth Amendment guarantees adequate heating. See Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998). However, a prisoner's allegations that suggest only that the temperature is uncomfortable do not rise to the level of an Eighth Amendment violation. See id. (holding prisoner's allegation that average temperature in cell tended to be either well above or well below room temperature only suggests temperature was not comfortable, which is insufficient to support Eighth Amendment claim); see also Woods v. Edwards, 51 F.3d 577, 581 (5th Cir. 1995) ("While the temperature in extended lockdown may be uncomfortable, that alone cannot support a finding that the plaintiff was subjected to cruel and unusual punishment in violation of the Eighth Amendment.")

Here, plaintiff alleges that the temperature in his cell is uncomfortable as a result of the installation of tanning bulbs. The Court finds these allegations fail to state a claim for relief under the Eighth Amendment. Accordingly, this claim will be dismissed.

**CONCLUSION**

For the reasons stated above, plaintiff's complaint fails to state a claim for relief. Accordingly, the above-titled action is hereby DISMISSED.

Plaintiff's motion for an extension of time to file documents is DENIED as moot. (Docket No. 4.)

The Clerk shall close the file.

This order terminates Docket No. 4.

IT IS SO ORDERED.

DATED: January 11, 2008

_____
MAXINE M. CHESNEY
United States District Judge

5