United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID NELSON PRYER, ) | No. C 07-4025 MMC (PR) |
| ) | |
| Plaintiff, ) | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| ) | |
| v. ) | **(Docket No. 10)** |
| ) | |
| M.S. EVANS, Warden, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

On August 6, 2007, plaintiff, a prisoner then incarcerated at Salinas Valley State Prison ("SVSP")[1] and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983, seeking monetary damages for the alleged violation of his constitutional rights by SVSP employees. On January 11, 2008, the Court conducted a preliminary screening of the complaint pursuant to 28 U.S.C. § 1915A(a) and found plaintiff's allegations failed to state cognizable claims for relief; that same date, Court dismissed the action and entered judgment. Now before the Court is plaintiff's motion, under Rule 59(e) of the Federal Rules of Civil Procedure, for reconsideration of the order of dismissal.[2]

A motion to alter or amend judgment under Rule 59(e) "should not be granted, absent

---

[1]On August 24, 2007, plaintiff notified the Court he had been transferred to Folsom State Prison.

[2]Plaintiff filed his motion within ten days of the entry of judgment; consequently, the motion is timely. See Fed. R. Civ. P. 59(e).

1  highly unusual circumstances, unless the district court is presented with newly discovered
2  evidence, committed clear error, or if there is an intervening change in the law." McDowell
3  v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (internal quotation and citation
4  omitted).  Here, plaintiff does not argue that newly discovered evidence or an intervening
5  change in the law requires reinstatement of the action.  Rather, he claims he is entitled to
6  proceed with his complaint because the Court erred (1) by failing to rule on his claim that his
7  constitutional rights were violated when prison guards allowed him to enter into an
8  agreement to be tattooed by another inmate and then intentionally delayed completion of the
9  tattoo; (2) by misconstruing and dismissing his claim that a rules violation report for
10 assaulting the inmate who tattooed him should not have been reissued; and (3) by wrongly
11 dismissing his invasion of privacy claim.  The Court addresses each of plaintiff's arguments
12 in turn.

A.   Tattoo Claim

Plaintiff claims the Court failed to rule on the allegations set forth in "Ground 1" of his complaint, wherein he alleged that correctional officers Frisk, Munder and Mendoza allowed him to enter into an agreement to be tattooed by another inmate by the name of Cardwell and then maliciously postponed completion of the work for more than six months. Although plaintiff's argument in this regard is not clear, he appears to be contending that his constitutional rights were violated by the correctional officers' acquiescence in the delayed completion of his tattoo, which delay led plaintiff to suffer psychological harm and resulted in his being involved in an altercation with Cardwell and disciplined for assault.

Plaintiff is correct that the Court, in its order of dismissal, did not rule on plaintiff's claim as it is now asserted in the motion for reconsideration.  The reason such claim was not addressed at that time, however, is because the allegations in plaintiff's complaint did not appear to set forth such a claim.  Rather, according to the allegations in the complaint, the gravamen of plaintiff's claim with respect to the tattoo appeared to be that he should not have been disciplined for assaulting the inmate who had agreed to tattoo him, (see Compl. at 3-3(b)); the Court understood plaintiff's allegations concerning the delayed completion of the

2

tattoo work to be factual background to plaintiff's challenge to the disciplinary action. Because plaintiff now states he was attempting to assert a separate claim for the violation of his constitutional rights based on psychological injury he suffered because of the delay, the Court will review plaintiff's allegations anew to determine whether they state a cognizable claim for relief.

When the complaint and exhibits attached thereto are liberally construed, plaintiff appears to allege the following: (1) SVSP correctional officers Frisk, Munger and Mendoza allowed plaintiff to enter into a financial agreement to be tattooed by inmate Cardwell and then intentionally allowed completion of the tattoo to be delayed for six months (from May through November 2006); (2) as a result of the delay, plaintiff suffered psychological distress because his arms were covered with incomplete "messes" and because Cardwell threatened plaintiff for payment of the tattoo, (Compl. at 3); plaintiff's psychological distress led him to become involved in an altercation with Cardwell, which resulted in plaintiff's being charged with and found guilty of a rules violation for assaulting Cardwell; (4) the correctional officers violated his constitutional rights by allowing completion of the tattoo agreement to be delayed.

Plaintiff's allegations fail to state a cognizable claim for relief. First, plaintiff had no constitutional right either to be tattooed or to have the tattoo completed in a timely manner. Further, any psychological harm plaintiff may have suffered as a result of any delay in the completion of the tattoo is not sufficiently egregious to rise to the level of an Eighth Amendment violation. See Farmer v. Brennan, 511 U.S. 825, 834 (1994) (holding Eighth Amendment violation requires alleged deprivation to be objectively, sufficiently serious); see, e.g., Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994) (holding prisoner's mild stress-related ailments, which included nausea, headache, and depressed appetite, were type of "routine discomfort" resulting from incarceration and not serious mental health need under Eighth Amendment). Additionally, plaintiff's claims of mental or emotional injury are barred under 42 U.S.C. § 1997e(e), which provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional

3

injury suffered while in custody without a prior showing of physical injury."

In sum, plaintiff has not alleged a cognizable claim for relief, and amendment to cure the noted pleading deficiencies would be futile. Accordingly, the motion for reconsideration will be denied to the extent such motion is based on plaintiff's argument that the Court erred by failing to allow him to proceed with his claim against correctional officers Frisk, Munger and Mendoza.

B.  Rules Violation Report Claim

Plaintiff alleges the Court erred when it dismissed his claim that the rules violation report ("RVR") filed against him for assaulting Cardwell should have been dismissed rather than reissued, and should not have been referred a second time to the District Attorney's office for possible prosecution.

In its order dismissing the complaint, the Court construed plaintiff's claim as follows:

> According to the allegations in the complaint and the exhibits attached thereto, in November 2006 plaintiff was found guilty of a rules violation report ("RVR") for battery on an inmate with serious bodily injury, and was assigned to a term in the Security Housing Unit. The offense was referred to the District Attorney's office for possible prosecution, but the District Attorney declined to prosecute. Thereafter, in March 2007, plaintiff was informed that the RVR would be reissued and reheard because there was no indication of serious bodily injury. As a result of the reissuance of the RVR, the offense was again referred to the District Attorney's office for possible prosecution. According to supplemental pleadings filed by plaintiff on October 1, 2007, plaintiff, in April 2007, was again found guilty of battery on another inmate with serious bodily injury, and was assessed 360 days forfeiture of credits. The District Attorney again declined to prosecute plaintiff for the offense.
>
> Although the allegations in the complaint are not entirely clear, plaintiff appears to claim that the RVR should have been dismissed rather than reissued, and should not have been referred a second time to the District Attorney's office for possible prosecution.

(Order, filed Jan. 11, 2008, at 2:9-23.)

The Court found plaintiff's allegations failed to state a cognizable claim for relief because: (1) plaintiff had been provided with a second hearing that he did not allege was procedurally defective; (2) any claim for damages based on a challenge to the validity of the hearing was barred under the United States Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477 (1994); and (3) plaintiff could claim no injury from the referral of the reissued

4

1 RVR to the District Attorney's office, because the District Attorney declined to prosecute the
2 offense.
3 (Order at 2:25-3:26.)

4 In his motion for reconsideration, plaintiff alleges the Court erred when it dismissed
5 the RVR claim because the Court misconstrued his claim as asserting the RVR should not
6 have been reissued. In particular, plaintiff states the claim was intended to be one for
7 negligence and retaliation, based on a representation assertedly made to plaintiff by a gang
8 investigator named Hanley; according to plaintiff, Hanley told plaintiff that although the
9 reissued RVR would remain the same, she would recommend that plaintiff not be assigned to
10 a term in the Security Housing Unit, that he be transferred, and that the matter not be referred
11 to the District Attorney's office. Plaintiff claims that because Hanley's recommendations
12 were not implemented, he suffered psychological distress.

13 Plaintiff's allegations fail to state a cognizable claim for relief, as he has alleged no
14 facts showing that either his hearing or the punishment he received failed to comply with the
15 requirements of due process. Additionally, as discussed above, plaintiff's claim of
16 psychological distress is not cognizable under 42 U.S.C. § 1997e(e). Accordingly, the
17 motion for reconsideration will be denied to the extent such motion is based on plaintiff's
18 argument that the Court erred in dismissing his RVR claim.

19 C.     Invasion of Privacy Claim

20 Plaintiff claims the Court erred by dismissing his invasion of privacy claim. In the
21 order of dismissal, the Court ruled on said claim as follows:

22 Plaintiff alleges that on February 20, 2007, when he was trying to
complete a piece of literature he has been writing since June 2006, prison
23 officials infringed his privacy. Specifically, he claims:

24 I couldn't sit down and write my own words without them being
intercepted (transmitted and broadcasted) only through me being
25 constantly spied/monitored by CDCR et al affecting me through
these procedures by intercepting my litature I create into for
26 music lyrics only for my personal benefit due to my present
circumstances (no education, means of employment/support)
27 creating openings for plajurism by CDCR et al, and inmates
established by ways CDCR et al spies/monitors.
28

5

> (Compl. at 3(b)). These allegations do not present a cognizable claim for relief under § 1983.
>
> As noted, Title 28 U.S.C. §§ 1915A requires the court to conduct a preliminary screening of prisoner actions, and to dismiss any claims that are frivolous or fail to state a claim upon which relief may be granted. A claim is frivolous if it is premised on an indisputably meritless legal theory or is clearly lacking any factual basis. See Neitzke v. Williams, 490 U.S. 319, 327 (1989).
>
> The Court finds plaintiff's invasion of privacy claim must be dismissed as frivolous. Further, such allegations fail to state a claim for relief under § 1983 because they constitute, at best, a state tort claim, and do not allege the violation of a right secured by the Constitution or laws of the United States. See West, 487 U.S. at 48 (holding claim under § 1983 must allege violation of right secured by Constitution or laws of United States).
>
> Finally, the allegations do not state a cognizable claim for relief under § 1983 because they allege only mental or emotional injury, without a showing of prior physical injury. Such claims are barred under 42 U.S.C. § 1997e(e), which holds: "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury."
>
> Accordingly, for the foregoing reasons, plaintiff's invasion of privacy claim will be dismissed.

(Order at 4:2-26.)

Plaintiff argues the claim should not have been dismissed as frivolous because his right to gather information, which right was violated by the transmission of his thoughts, is guaranteed by the Fourth Amendment. Plaintiff's argument is without merit; as discussed in detail in the Court's order of dismissal, plaintiff's allegations fail to state a claim for relief under 42 U.S.C. § 1983. Accordingly, the motion for reconsideration will be denied to the extent it is based on plaintiff's argument that the Court erred in dismissing his invasion of privacy claim.

**CONCLUSION**

For the reasons stated above, plaintiff's motion for reconsideration is hereby DENIED.

This order terminates Docket No. 10.

IT IS SO ORDERED.

DATED: July 7, 2008

MAXINE M. CHESNEY
United States District Judge

6